**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **11-01164-dd**

### ORDER ON MOTION TO REOPEN

The relief set forth on the following pages, for a total of 3 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**09/21/2011**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 09/22/2011

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 11-01164-DD |
| Leroy C. Tincher, | Chapter 7 |
| Debtor. | **ORDER ON MOTION TO REOPEN CASE** |

This matter is before the Court on a Motion to Reopen Chapter 7 Case ("Motion") filed by Leroy C. Tincher ("Debtor") on August 8, 2011. No responses to the Motion were filed. A hearing was held September 6, 2011. Following the hearing, the Court took the matter under advisement and gave Debtor's counsel ten (10) days to provide additional authority to the Court in connection with her Motion. After further consideration of the issues, the Court denies Debtor's Motion.

Debtor filed his chapter 7 case on February 24, 2011. On June 6, 2011, PNC Mortgage filed a Reaffirmation Agreement between Debtor and PNC Mortgage regarding a debt secured by Debtor's residence. Because there was a presumption of undue hardship under the Reaffirmation Agreement, the Court held a hearing on the Reaffirmation Agreement on June 27, 2011. At that hearing, Debtor indicated that he wanted to apply for a loan modification through the HAMP program but that the creditor would only allow him to do so if he entered into the Reaffirmation Agreement. Debtor received his chapter 7 discharge on June 28, 2011 and the case was closed on the same day. On July 6, 2011, the Court issued an Order denying approval of the Reaffirmation Agreement, based on the facts that the creditor cannot force a debtor to enter into a reaffirmation agreement in order to qualify for a HAMP modification and further, that Debtor was current on his mortgage and therefore had the "ride-through" option.

Debtor's Motion states that subsequent to the entry of the Court's July 5 Order, Debtor was informed by PNC Mortgage that the proposed loan modification was not HAMP-affiliated, but was through private investors who required the approval of a Reaffirmation Agreement prior to the loan modification. Debtor then filed his Motion, requesting that his chapter 7 case be reopened for the purpose of vacating the Court's previous Order denying the Reaffirmation Agreement and approving his Reaffirmation Agreement.

11 U.S.C. § 524(c)(1) states that a reaffirmation agreement is only enforceable if it was entered into prior to the debtor receiving his discharge. While Debtor entered into the original Reaffirmation Agreement prior to receiving his discharge, the agreement he now asks the Court to approve was not filed with the Court prior to the entry of Debtor's chapter 7 discharge. As a result, the Court cannot give effect to the new agreement even if Debtor's case is reopened. *See In re Young*, No. 06-06056-dd (Bankr. D.S.C. Nov. 29, 2007). Because the Court is without power to approve the Reaffirmation Agreement presented by Debtor, there is no reason to reopen Debtor's case. *See id.* As a result, Debtor's Motion is denied.

AND IT IS SO ORDERED.